CHARLES TIMANNUS, ADMINISTRATOR AD PROSEQUEN-
DUM OF EMMA TIMANNUS, DECEASED, RESPONDENT,
v. TILLIE A. DeWITT, APPELLANT.

Submitted February 12, 1932—Decided May 16, 1932.

For the appellant, *Mark Townsend, Jr.,* and *Thomas F. Doyle.*

For the respondent, *Richard Doherty.*

The opinion of the court was delivered by

BODINE, J. The defendant, a sister of plaintiff's intestate, appeals from a judgment for $4,000 in favor of the plaintiff in an action under the Death act. The sole question involved is whether, as a matter of law, the deceased was a licensee or invitee in appellant's car at the time of the accident. The learned trial judge left the question to the jury under a concededly proper instruction. In this, we think, there was no error.

"Invitation is a term of considerable breadth, often misused, with both a colloquial and a legal meaning; in the former, importing a fact of well known signification; in the latter, a conclusion of law to which definite rights and liabilities attach. It may include not only express invitation, but the invitation that may be implied from conduct, custom, or usage." 33 *Corp. Jur.* 810.

The essence of implied invitation "is that the defendant knew or ought to have known that something that he was doing or permitting to be done might give rise in an ordi-

narily discerning mind to a natural belief that he intended that to be done which his conduct had led the plaintiff to believe that he intended." *Furey* v. *New York Central and Hudson River Railroad Co.*, 67 *N. J. L.* 270, 275. "The gist of the liability consists in the fact that the person injured did not act merely on motives of his own, to which no act or sign of the owner or occupier contributed, but that he entered the premises because he was led by the acts or conduct of the owner or occupier to believe that the premises were intended to be used in the manner in which he used them, and that such use was not only acquiesced in, but was in accordance with the intention or design for which the way or place was adapted and prepared or allowed to be used." *Sweeny* v. *Old Colony Railroad Co.*, 10 *Allen* 368, 374; *Phillips* v. *Library Co.*, 55 *N. J. L.* 307, 315.

The two women were sisters and inseparable companions. The night before the accident they had come in from Lake Hopatcong, where they were spending the summer, in the car and spent the night in deceased's home in Jersey City. The defendant owned a Franklin car. At the breakfast table, on the day of the accident she said that she was going into the city to attend to some business. The deceased then said she would go with her, and the defendant said, "very well. That is all right."

The accident occurred on the return ride to Lake Hopatcong. The sisters were not strangers as in *Lutvin* v. *Dopkus*, 94 *N. J. L.* 64, where the defendant acceded to the plaintiff's request for a ride. The circumstance that the two women were devoted sisters and had made the trip from some distance together indicates to us that there was sufficient evidence tending to show an invitation to make the case one for the jury; however casually they may have expressed their meaning the deceased does not appear to have acted merely on motives of her own to which no act of her sister contributed. They were together partly for pleasure and partly to transact the defendant's business. No doubt there was the greatest freedom of choice in that which either might do. But the evidence made the case one for the jury to say whether

the defendant had invited the deceased or merely acquiesced in her presence in the car. *Phillips* v. *Library Co., supra.*

The judgment is affirmed, with costs.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, KERNEY, JJ. 14.

*For reversal*—None.